MARY JANE MATTHEWS et al. *v.* JEANNETTE MATTHEWS et al.

When husband and wife removed from another State to Louisiana and after the removal the husband received money from the estate of the mother of his wife, it was held that the wife had a valid claim therefor against the husband's estate.

The will of *W. M.* contained the following clause : "*I wish my wife Jeannette Matthews to have her lawful part of my estate, and her choice of the house servants after my decease, as prescribed by the laws of this State.*"

*Held* : That the clause, "her lawful part of my estate," applied by the testator to his wife, meant, the one-half of the acquests and gains in full ownership, and the usufruct of the other half.

*Held, also :* That the clause by which the testator bequeathed to his wife her choice of the house servants after the testator's decease, was a bequest of as many as she should choose to select of the slaves employed about the house at the time of the testator's death, and that the widow having selected four, from out of the eight or nine in number, was entitled to them.

APPEAL from the District Court of the parish of Pointe Coupée, *Cooley*, J. J. L. *Lobdell*, for plaintiffs and appellants. *U. B. & E. Phillips*, for defendants.

BUCHANAN, J. This is an action of partition. The questions are almost exclusively of fact, which have been correctly decided by the District Court, with the exception of a claim of *Mrs. Matthews*, for six hundred and fifty dollars, being for so much received for her account by her husband, from the estate of her mother, in 1841 and 1845, which was long after the removal of the parties to Louisiana. This constitutes, therefore, a good claim against the estate of *William Matthews*, on the part of his wife.

There are two questions of the construction of the last will of *William Matthews*.

We agree with the District Judge, that the words "her lawful part of my estate," applied by the testator to his wife, mean the one-half of the acquests and gains in full ownership, and the usufruct of the other half.

But we feel bound to differ from our learned brother upon the meaning to be attached to the other clause of the same testamentary disposition, which bequeathes to *Mrs. Matthews* "her choice of the house servants after my decease." This appears to us to have been evidently intended as a bequest of as many as she should choose to select, of the slaves employed about the house at the time of the testator's death. It is proved that the house servants were eight or nine in number, and their names are given by the witnesses. The widow has selected four of those, who are named in her answer.

We do not find any error in the rulings of the court in relation to the admission or rejection of evidence, as set forth in the bills of exception.

It is, therefore, adjudged and decreed, that the judgment of the District Court be amended, by decreeing to the defendant and appellee, *Jeannette Matthews*, the four slaves, *George, Sarah, Ellen* and *Elizabeth*, selected by her from among the house servants of her husband, as a particular legacy to herself from her husband, in full ownership; that *Mrs. Jennette Matthews* also recover from the estate of her husband, *William Matthews*, a further sum of six hundred and fifty dollars, for so much separate and paraphernal property, received for her by her said husband in his lifetime; that in other respects the

MATTHEWS
*v.*
MATTHEWS.

judgment of the District Court be affirmed; and that the separate estate of *William Matthews* pay costs of appeal, that is to say, all costs incurred by and subsequently to the filing of the petition of appeal.